IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JUDE ROBERT SHINN and MICHELE SHINN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 4:20-CV-299 |
| CANDOR USA, INC. | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT FOR DAMAGES and for PRELIMINARY INJUNCTION

COME NOW Jude Robert Shinn and Michele Shinn, Plaintiffs herein, and file this Complaint against Defendant Candor USA, Inc., showing the Court as follows:

### I. PARTIES, JURISDICTION and VENUE

1. Plaintiffs are citizens and residents of the State of South Carolina and submit to the jurisdiction of this Court.

2. Defendant Candor USA, Inc. (hereinafter "Candor USA") is a corporation formed and existing under the laws of the State of Delaware with its principal office located at 2 East Bryan Street, Savannah, Chatham County, Georgia 31401. Defendant Candor USA may be served with process through its registered agent for service of process in the State of Georgia, VCORP AGENT SERVICES, INC., 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

3. The amount in controversy in this action exceeds $75,000.00, and there is complete diversity of citizenship between the Plaintiffs and Defendant. This Court, therefore, has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Jurisdiction and venue are proper in this Court.

## II. GENERAL ALLEGATIONS

6. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 5 as if fully alleged herein.

7. Defendant Candor USA is a company founded in March 2017 which provides "software as a service" to insurance brokers in the health insurance industry.

### A. Plaintiff Jude Robert Shinn's Employment with Candor USA

8. Plaintiff Jude Robert Shinn was involved in the founding of Candor USA, providing both software and business expertise to the start-up company.

9. Until his resignation near the end of September 2020, Plaintiff Jude Robert Shinn also served on the Board of Directors of Candor USA.

10. From the inception of Candor USA through December 31, 2017, Plaintiff Jude Robert Shinn worked for Defendant Candor USA for an agreed-upon salary of $348,000.00. This same salary would later be memorialized in a written Employment Agreement.

11. For the benefit of Candor USA, which at that time was a fledgling start-up business, Plaintiff Jude Robert Shinn elected to defer payment of his salary from April 2017 through December 2017.

12. By a written Employment Agreement effective by its terms as of January 1, 2018, Plaintiff Jude Robert Shinn and Defendant Candor USA agreed that Plaintiff Jude Robert Shinn would be employed by Defendant Candor USA as its Chief Executive Officer in exchange for an annual salary of $348,000.00. (Exhibit "A" – Employment Agreement (Jude R. Shinn), Paras. 1 and 4).

13. By its terms, the Employment Agreement between Jude Robert Shinn and Candor USA was for a specified term of three (3) years with automatic renewals each year unless there was notification in writing that the contract would not be renewed. (Ex. A, Para. 11).

14. The Employment Agreement between Jude Robert Shinn and Candor USA further provided that Jude Robert Shinn be paid a six-month (6) severance package upon termination of the contract. (Ex. A, Paras. 4 and 11).

15. The Employment Agreement was signed by Plaintiff Jude Robert Shinn and Kenneth J. Anketell, on behalf of Defendant Candor USA, as of January 1, 2018. (Ex. A).

16. During the term of his Employment Agreement, Plaintiff Jude Robert Shinn deferred payment of his salary for all of 2018 and ten (10) months of 2019, a total of 22 months of deferred salary.

17. Plaintiff Jude Robert Shinn is presently owed a total of 31 months of deferred salary by Candor USA.

<u>Plaintiff Michele Shinn's Employment with Candor USA</u>

18. Michele Shinn began employment with Defendant Candor USA at its inception in March 2017.

19. By separate Employment Agreement effective by its terms as of April 1, 2020, Plaintiff Michele Shinn and Defendant Candor USA agreed that Plaintiff Michele Shinn would be employed by Defendant Candor USA as its Human Resources Director and Investor Relations Liaison in exchange for an annual salary of $128,000.00. (Exhibit "B" – Employment Agreement (Michele Shinn), Paras. 1 and 4).

20. Michele Shinn's Employment Agreement with Candor USA further provides that in the event of Candor USA's termination of the agreement, Michele Shinn is to receive six (6)

months of full compensation with benefits plus two (2) weeks salary with benefits for every year employed with Candor USA. (Ex. B, Para. 12)

21. Per Michele Shinn's Employment Agreement, the parties agreed that Michele Shinn has been employed by Candor USA since its inception in March 2017. (Ex. B, Para. 12).

22. Prior to and during the term of her Employment Agreement, Plaintiff Michele Shinn deferred approximately 18 months of her salary, which is presently owed to her by Defendant Candor USA.

Candor USA's Termination and Breach of the Employment Agreements

23. On or about October 1, 2020, Candor USA provided written notice to Plaintiff Jude Robert Shinn that it was suspending his employment until further notice.

24. The decision to suspend Plaintiff Jude Robert Shinn's employment was made by Candor USA's Board of Directors at a meeting held on September 29, 2020.

25. On October 1, 2020, Candor USA also provided written notice to Plaintiff Michele Shinn that it was suspending her employment until further notice due to her spousal relationship with Plaintiff Jude Robert Shinn.

26. Neither Jude Robert Shinn's nor Michele Shinn's Employment Agreements with Candor USA provide for suspension of employment for any reason. Thus, Candor USA's notice to Jude Robert Shinn and Michele Shinn that it was suspending their employment indefinitely constitutes termination and breach of these agreements.

27. Upon being notified by Candor USA that his Employment Agreement had been terminated, Plaintiff Jude Robert Shinn demanded payment of his 31 months of deferred salary and payment of his six (6) month severance package required by the Employment Agreement to be paid upon termination of the agreement. (Ex. A, Paras. 4 and 11).

28. Candor USA has refused to pay Plaintiff Jude Robert Shinn the deferred salary and severance package that it owes him.

29. Upon being notified by Candor USA that her Employment Agreement had been terminated, Plaintiff Michele Shinn demanded payment of her 18 months of deferred salary and payment of her severance package required by the Employment Agreement. (Ex. B, Paras. 4 and 11).

30. Candor USA has refused to pay Plaintiff Michele Shinn the deferred salary and severance package that it owes her.

### III. CAUSES OF ACTION

### Count 1 – Action for Unpaid Salary – Jude Robert Shinn

31. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 30 as if fully alleged herein.

32. From April 1, 2017, through December 31, 2017, Plaintiff Jude Robert Shinn was employed by Defendant Candor USA at a salary of $348,000.00 per year (or $29,000.00 per month).

33. Plaintiff Jude Robert Shinn deferred payment of his salary for the benefit of Candor USA from April 1, 2017, through December 31, 2017, a total of 9 months or $261,000.00.

34. From January 1, 2018, through October 1, 2020, Plaintiff Jude Robert Shinn was employed by Defendant Candor USA under a written employment agreement (Ex. A) at a salary of $348,000.00 per year (or $29,000.00 per month).

35. Since January 1, 2018, Plaintiff Jude Robert Shinn deferred payment of his salary for the benefit of Candor USA for the entirety of 2018 and ten (10) months of 2019, a total of 22 months or $638,000.00.

36. In addition, upon the termination of Plaintiff Jude Robert Shinn's employment with Defendant Candor USA, Defendant Candor USA owed him for two unpaid pay periods in 2020, totaling one (1) month or $29,000.00.

37. Candor USA owes Plaintiff Jude Robert Shinn a total of 32 months of unpaid salary (31 months of deferred salary + one (1) month of unpaid salary at time of termination) for a total of $928,000.00.

38. Plaintiff Jude Robert Shinn has made demands to Candor USA for his unpaid salary, which Candor USA has refused to pay despite demands to do so. (Ex. C, Jude Robert Shinn Demand).

**Count 2 – Breach of Contract – Jude Robert Shinn's Employment Agreement**

39. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 38 as if fully alleged herein.

40. Plaintiff Jude Robert Shinn and Defendant Candor USA entered into an Employment Agreement (Ex. A) beginning January 1, 2018.

41. Plaintiff Jude Robert Shinn's Employment Agreement constitutes a binding contract for which Plaintiff has performed all conditions of the contract and abided under the terms of the contract at all times.

42. Plaintiff Jude Robert Shinn's Employment Agreement requires that, upon its termination, Candor USA is required to pay Plaintiff Jude Robert Shinn a six (6) month severance package. (Ex. A, Paras. 4 and 11). Six months of severance calculated from the agreed-upon salary equals $174,000.00.

43. On or about October 1, 2020, Defendant Candor USA terminated Plaintiff Jude Robert Shinn's Employment Agreement when it provided him notice that it was suspending his employment.

44. Upon receiving notice that his Employment Agreement had been terminated, Plaintiff Jude Robert Shinn demanded payment from Defendant Candor USA of the six (6) months of severance required under the terms of the Employment Agreement.

45. Defendant Candor USA has refused and/or failed to pay Plaintiff Jude Robert Shinn the six (6) months of severance as required under the Employment Agreement and is therefore in breach of contract.

46. Plaintiff is entitled to recover from Defendant $174,000.00 representing six months of severance pay under the terms of the Employment Agreement.

### Count 3 – Action for Unpaid Salary – Plaintiff Michele Shinn

47. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 46 as if fully alleged herein.

48. Michele Shinn began employment with Defendant Candor USA at its inception in March 2017 through October 1, 2020, when she was notified that her employment was suspended.

49. From March through November 2017, Michele Shinn was to be paid a yearly salary of $36,400 (or $3,033.33 per month) by Candor USA. She deferred her entire salary for the months of March, April, May, and June 2017. In July, September, October and November 2017, she deferred $233.33 per month of her salary. In August 2017, she received a partial repayment of backpay in the amount of $466.67.

50. In December 2017, Michele Shinn's salary increased to $43,680.00 per year (or $3,640.00 per month). She deferred $700.00 of her salary in December 2017.

7

51. Defendant Candor USA owes Michele Shinn $13,299.97 in deferred salary for the year 2017.

52. In January 2018, Michele Shinn's salary at Candor USA was $43,680.00 per year (or $3,640.00 per month). She deferred $1,117.93 of her salary in January 2018.

53. In February 2018, Michele Shinn's salary increased to $55,000.00 per year (or $4,583.33 per month). She deferred $2,048.00 of her salary in February 2018. She deferred her entire salary for the months of March, April, November, and December 2018. In May, June, July, August, and September, she deferred $916.67 of her salary. In October 2018, she deferred $2,750.00 of her salary.

54. Defendant Candor USA owes Michele Shinn $28,832.60 in deferred salary for the year 2018.

55. From January through June 2019, Michele Shinn's salary was $55,000 per year (or $4,583.33 per month). She deferred her entire salary for the months of January, April, and May 2019. In February 2019, she deferred $2,583.33 of her salary. In March 2019, she deferred $583.33 of her salary. In June 2019, she deferred $1,637.87 of her salary.

56. In July 2019, Michele Shinn's salary increased to $82,000.00 per year (or $6,833.33 per month). In July, August, and September, she deferred $940.41 of her salary. In October 2019, she received a partial repayment of backpay in the amount of $3,714.38.

57. Defendant Candor USA owes Michele Shinn $17,661.37 in deferred salary for the year 2019.

58. From January through March 2020, Michele Shinn's salary at Candor USA was $82,000.00 per year (or $6,833.33 per month). In January, February, and March 2020, Michele Shinn deferred payment of her entire salary.

59. In April 2020, Michele Shinn's salary at Candor USA increased to $128,000.00 per year (or $10,666.66) per month. She has not been paid for the month of September 2020.

60. Defendant Candor USA owes Michele Shinn $10,666.66 in unpaid/deferred salary for the year 2020.

61. Michele Shinn's deferred salary that is owed to her by Defendant Candor USA for the years 2017 through 2020 totals $70,460.60.

62. Plaintiff Michele Shinn has made demands to Candor USA for her unpaid salary, which Candor USA has refused to pay despite demands to do so. (Ex. D, Michele Shinn Demand).

### Count 4 – Breach of Contract – Michele Shinn's Employment Agreement

63. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 62 as if fully alleged herein.

64. Plaintiff Michele Shinn and Defendant Candor USA entered into an Employment Agreement (Ex. B) beginning April 1, 2020.

65. Plaintiff Michele Shinn's Employment Agreement constitutes a binding contract for which Plaintiff has performed all conditions of the contract and abided under the terms of the contract at all times.

66. Plaintiff Michele Shinn's Employment Agreement requires that upon its termination, Candor USA is required to pay Plaintiff Michele Shinn a six (6) month severance package. (Ex. B, Para. 12). Six months of severance calculated from the agreed-upon salary equals $64,000.00.

67. On or about October 1, 2020, Defendant Candor USA terminated Plaintiff Michele Shinn's Employment Agreement when it provided her notice that it was suspending her employment.

68. Upon receiving notice that her Employment Agreement had been terminated, Plaintiff Michele Shinn demanded payment from Defendant Candor USA of the six (6) months of severance required under the terms of the Employment Agreement.

69. Defendant Candor USA has refused and/or failed to pay Plaintiff Michele Shinn the six (6) months of severance as required under the Employment Agreement and is therefore in breach of contract.

70. Plaintiff is entitled to recover from Defendant $64,000.00 representing six months of severance pay under the terms of the Employment Agreement.

### Count 5 – Monies Had and Received – Plaintiff Jude Robert Shinn

71. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 70 as if fully alleged herein.

72. Over the course of Candor USA's existence, Plaintiff Jude Robert Shinn has performed work and other obligations for Candor USA's benefit and for which Mr. Shinn and Candor USA agreed Mr. Shinn would be financially compensated.

73. Over the course of his employment with Candor USA, Plaintiff Jude Robert Shinn at times deferred payment of the compensation owed to him by Candor USA for Candor USA's benefit. These monies represent monies that have been received by Candor USA, which belong to Plaintiff Jude Robert Shinn and total $928,000.00.

74. When Candor USA terminated Plaintiff Jude Robert Shinn's employment and Employment Agreement, Plaintiff Jude Robert Shinn made a demand to Candor USA for payment of these monies, and such demand was refused.

75. In equity and good conscience, Defendant Candor USA should not be permitted to keep the monies belonging to Plaintiff Jude Robert Shinn that it has received and continues to hold.

### Count 6 – Monies Had and Received – Plaintiff Michele Shinn

76. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 75 as if fully alleged herein.

77. Over the course of Candor USA's existence, Plaintiff Michele Shinn has performed work and other obligations for Candor USA's benefit and for which Mrs. Shinn and Candor USA agreed Mrs. Shinn would be financially compensated.

78. Over the course of her employment with Candor USA, Plaintiff Michele at times deferred payment of the compensation owed to her by Candor USA for Candor USA's benefit. These monies represent monies that have been received by Candor USA, which belong to Plaintiff Michele Shinn and total $70,460.60.

79. When Candor USA terminated Plaintiff Michele Shinn's employment and Employment Agreement, Plaintiff Michele Shinn made a demand to Candor USA for payment of these monies, and such demand was refused.

80. In equity and good conscience, Defendant Candor USA should not be permitted to keep the monies belonging to Plaintiff Michele Shinn that it has received and continues to hold.

### Count 7 – Unjust Enrichment – Plaintiff Jude Robert Shinn

81. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 80 as if fully alleged herein.

82. Defendant requested and received the benefits of Plaintiff Jude Robert Shinn's employment and efforts that would unjustly enrich Defendant Candor USA if not compensated.

83. Plaintiff Jude Robert Shinn pleads, in the alternative, if there has been no breach of an express contract, he is entitled to recover on his alternative unjust enrichment claim.

### Count 8 – Unjust Enrichment – Plaintiff Michelle Shinn

84. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 83 as if fully alleged herein.

85. Defendant requested and received the benefits of Plaintiff Michelle Shinn's employment and efforts that would unjustly enrich Defendant Candor USA if not compensated.

86. Plaintiff Michelle Shinn pleads, in the alternative, if there has been no breach of an express contract, she is entitled to recover on her alternative unjust enrichment claim.

### Count 9 - Attorney's Fees and Expenses of Litigation

87. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 86 as if fully alleged herein.

88. Defendant Candor USA holds monies belonging to Plaintiffs Jude Robert Shinn and Michele Shinn, which it has refused to pay them despite demands from each to do so.

89. The monies held by Candor USA represent deferred salary payments and severance payments, which Candor USA is contractually obligated to pay Plaintiffs upon the termination of their respective employment agreements.

90. Rather than pay Plaintiffs the monies it owes them after demands to do so, Defendant Candor USA has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs

unnecessary trouble and expense in recovering what is rightfully theirs, thereby entitling Plaintiffs to an award of reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## Count 10 – Preliminary Injunction

91. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 90 as if fully alleged herein.

92. This is an action pursuant to Fed. R. Civ. P. 65 for the issuance of a preliminary injunction to enjoin the sale of Candor USA, Inc.'s assets to a non-party pending adjudication of the claims made herein.

93. Pursuant to a certain Asset Purchase Agreement dated November 25, 2020, Candor USA, Inc. has agreed, subject to approval by its stockholders, to sell the entirety of Candor USA, Inc.'s assets to a non-party buyer. (Ex. E, Asset Purchase Agreement; Ex. F, Resolutions for Special Meeting of Stockholders Held on November 30, 2020).

94. Pursuant to the Asset Purchase Agreement, the non-party buyer will not assume any of Candor USA, Inc.'s liabilities, including its obligations for payment of Plaintiffs' deferred salaries and severance. Plaintiffs will be left with no adequate recourse to recover the monies owed to them by Candor USA, Inc.

95. Plaintiffs have no adequate remedy at law for the violations of their contractual rights to severance pay or their rights to compensation for employment if the Court does not order injunctive relief.

96. Plaintiffs' injuries are actual and imminent, and irreparable harm will result to Plaintiffs unless a preliminary injunction is issued to stop Candor USA, Inc. from the sale of its assets.

97. Plaintiffs request that Candor USA, Inc. be enjoined from selling its assets until there is a full and complete adjudication of Plaintiffs' claims as made herein.

98. Notice to Candor USA, Inc. may be provided through its legal counsel who responded to Plaintiffs' demands for payment of their deferred salaries and severance addressed to Louis M. Ciavarra, Esq., Bowditch & Dewey, LLP, 311 Main Street, P.O. Box 15156, Worcester, Massachusetts 01615, (508) 926-3408, lciavarra@bowditch.com.

WHEREFORE, Plaintiffs respectfully request:

(a) That Summons and process issue and be served upon Defendant as provided by law;

(b) For a trial by a jury comprised of twelve (12) persons;

(c) For judgment in favor of Plaintiffs and against Defendant;

(d) That Plaintiffs each recover from Defendant all amounts due for unpaid salaries, breach of contractual obligations, and monies had and received;

(e) That Plaintiffs each recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

(f) That the Court issue a preliminary injunction and interlocutory injunction enjoining Candor USA, Inc. from the sale of its assets until there is a full and complete adjudication of Plaintiffs' claims; and

(g) Such other and further relief as the Court deems just and proper.

THIS 30th day of November, 2020.

OLIVER MANER LLP

/s/ *George T. Major, Jr.*
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311

AKINS LAW FIRM, LLC

/s/ *Dale Akins*
DALE AKINS
Georgia Bar No.: 006444

P.O. Box 1527
6 Johnson Way
Bluffton, SC 29910
(843) 757-7574

*Attorneys for Plaintiffs Jude Robert Shinn and Michele Shinn*