UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUDE ROBERT SHINN AND MICHELE SHINN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 4:20-cv-299 ) |
| CANDOR USA, INC., | ) ) ) |
| Defendant. | ) |

**<u>DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendant Candor USA, Inc. ("Defendant") hereby opposes Plaintiffs Jude Robert Shinn and Michele Shinn ("Plaintiffs") Motion for Preliminary Injunction. Plaintiffs seek to enjoin a lawful sale of assets approved by the Defendant's Board of Directors and shareholders because they hope to collect assets from the company from some as-yet-unrendered judgment. Doc. No. 3 at 2. As set forth in the attached <u>Affidavit of Jim Prokes</u>,[1] however, the entire reason the Defendant suffered financial problems is that Plaintiff Jude Robert Shinn engaged in serious misconduct as President of the company, including "setting up a competing business to divert revenue, paying friends and family unauthorized and grossly excessive compensation, borrowing money and falsifying financials to hide his misconduct." <u>Affidavit of Jim Prokes</u> ¶ 2. And as that Affidavit further sets forth, this asset sale is the Defendant's only shot to protect creditors and shareholders of the company precisely because Shinn's malfeasance left it in such dire straits. *Id.* ¶ 6. In short, Shinn

---

[1] Attached hereto as **Exhibit 1**.

now sues the Defendant to prevent it from minimizing the damage his self-dealing, malfeasance, and falsifications caused.

That effort may fail. First, Shinn's request is moot because the sale has already been finalized. More still, he makes no showing that he can meet the preliminary injunction standard. He does not submit competent evidence supporting his requests, and he thus cannot show a likelihood of success on the merits. The testimony that *is* in the record (the Prokes Affidavit) shows that Plaintiffs' claims are frivolous. Further testimony (the Affidavit of Kenneth Anketell) demonstrates that Plaintiffs' purported contracts may well have been the result of self-dealing or deception by omission. And even beyond the likelihood-of-success prong, Plaintiffs cannot meet any other elements for an injunction. They show no irreparable harm, because they openly state they seek to preserve only the ability to collect money damages. But under Eleventh Circuit law, irreparable harm cannot center solely on money. They also cannot show that the balance of hardships favors them, because they caused the very situation they find themselves in and seek to scuttle the only deal that could ameliorate the situation. Finally, public interest favors denying the injunction, because denial is the only path to insulating innocent third-party creditors.

Finally, if the Court were inclined to grant the requested injunction despite the factors above, it should require Plaintiffs to post a sufficient bond to compensate Defendant for failure of the asset sale.

## DISCUSSION

### I. The Request for a Preliminary Injunction Is Moot.

As a preliminary matter, the requested relief is moot. The sale in question was completed on November 25, 2020, before the lawsuit was even filed. *See* Prokes Aff. ¶ 5. In fact, the Shareholders of Candor approved the sale, with only Plaintiff Michele Shinn objecting, at a meeting on

2

November 30, 2020.  *Id.*  All of the essential actions to complete the sale have been completed in accord with the Asset Purchase Agreement.  To the extent the Plaintiffs have any valid claims, which is denied, they of course retain the right to pursue responsible parties, but the specific relief sought here is impossible since the sale has already taken place.

**II.     Plaintiffs Cannot Satisfy the Elements Required for a Preliminary Injunction.**

Even if the Court were to reach Plaintiffs' request for a preliminary injunction, it must find that Plaintiffs have failed to satisfy the legal requirements for this relief.  On a motion for preliminary injunction, Plaintiffs must establish four elements:  (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) the balance of relevant harm to parties; and (4) the effect (if any) of the court's ruling on the public interest.  *WREAL, LLC v. Amazon.com Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).  "A preliminary injunction is an extraordinary and drastic remedy and Wreal bears the burden of persuasion to clearly establish all four of these prerequisites."  *Id.*  Here, Plaintiffs have not provided the Court with any evidence to support even one of those elements.

**A.     Plaintiffs Do Not Have a Likelihood of Success.**

The Plaintiffs bear the initial burden of proving to the Court that they have a substantial likelihood of success on their claim.  The Plaintiffs' claims here are that they are owed money as former employees of the Company.  However, other than simply making the claim in the Complaint, they have done nothing to establish a substantial likelihood of success.  As shown in the Affidavit of Jim Prokes, there are serious doubts as to the enforceability of either written contract.  Plaintiff Bob Shinn was the President of Candor; Plaintiff Michele Shinn is his wife.  He prepared both contracts and presented them to his friend to sign.  Ken Anketell, who signed the document on behalf of Candor, sets forth the timeline leading to that document's execution in an affidavit

attached as **Exhibit 2**.  Generally, Candor and Shinn originally entered a written agreement in August 2017, which Shinn accurately noted the Board of Directors needed to review and approve. Anketell Aff. ¶ 2.  Shinn resigned in January 2018, but he returned in summer 2018, with no new agreement. *Id.* ¶ 3.  Preliminary evidence suggests that the agreement attached to Plaintiffs' pleadings was actually executed in July 2019 but backdated to January 18.  *See* Anketell Aff. ¶ 6.  Mr. Anketell, who countersigned that agreement, did not negotiate the terms or even review them, and he believed the document to be essentially a continuation with light modifications from the prior contract.[2]  *Id.* ¶¶ 5-6. He simply signed the presented document at his friend's request.  This obvious self-dealing is clearly a breach of duty by Shinn and raises serious doubts as to the enforceability of the contract.[3]

Further, Bob Shinn engaged in serious wrongful conduct that not only constituted a breach of his contract but caused the company substantial damages.  *See* Prokes Aff. ¶ 2.  These actions, standing alone, render Shinn's hands unclean and preclude the equitable relief he seeks.  This Court has considerable discretion to consider unclean hands in determining whether a litigant is entitled to an injunction. *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1167 (11th Cir. 2018), *cert. denied sub nom. Goldenberg v. Transcon. Gas Pipe Line Co., LLC*, 139 S. Ct. 1634 (2019) ("We may reverse a district court's grant of a preliminary injunction if the grant is "contrary to some rule of equity." *Cunningham*, 808 F.2d at 819. One such rule is the doctrine of unclean hands."); *Morgan Stanley DW, Inc. v. Frisby*, 163 F. Supp. 2d 1371, 1380

---

[2] A party dealing with a fiduciary has a lowered duty to carefully peruse documents that the fiduciary recommends signing.  *See Godwin v. Mizpah Farms, LLLP*, 330 Ga. App. 31, 36, 766 S.E.2d 497, 503 (2014).
[3] Anketell likewise does not believe that Michelle Shinn's contract was ever reviewed or approved by the Board.  Anketell Aff. ¶ 7.

(N.D. Ga. 2001) (estopping employment-law temporary restraining order based on brokerage's unclean hands in encouraging its own brokers to commit similar infractions).

Finally, Bob Shinn, while President, caused the company to issue stock to himself in lieu of any alleged deferred compensation, thereby extinguishing that claim.  Prokes Aff. ¶ 11.

### B. Plaintiffs Will Not Suffer Irreparable Harm.

Plaintiffs have not established that they will suffer irreparable harm without the requested relief.  First, Plaintiffs' entire theory of harm seems to be that if the sale is finalized (which it already was), they will have collectability problems on any monetary judgment they *might* receive in the future.  But setting aside the mootness problems discussed above, this represents a purely economic injury.  "To establish irreparable harm, the movant must show that the injury is immediate and is not compensable by monetary damages."  *Tiber Labs., LLC v. Hawthorn Pharm., Inc.*, 527 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007).  Plaintiffs, however, articulate only the potential loss of fungible cash that *might* fund a speculative recovery.  That is not an irreparable harm under applicable law, and it mandates denial of injunctive relief.

More still, Plaintiffs have delayed their filing, which itself defeats a showing of irreparable harm.  For example, in *Tiber Labs,* a patent case, the litigant seeking an injunction delayed until a product went to market to seek an injunction.  But "[w]here the movant unduly delayed in bringing suit, however, thereby negating the idea of irreparability, a preliminary injunction should not issue."  *Tiber Labs., LLC*, 527 F. Supp. 2d at 1381 (citing *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 974 (Fed.Cir.1996)).  Here, Shinn received advanced notice of the sale but did not move to enjoin it until five days after the deal was signed and the day it was approved by the shareholders.  Prokes Aff. ¶ 5.  Because Plaintiffs did not attempt to stop the sale before it was consummated, they have defeated their own claim of any potential irreparable injury.

Finally, Plaintiffs' claim fails as a matter of common sense. As evidenced by the vote of the Board of Directors and shareholders to approve the sale, the sale of the assets is the only known way to protect any value at all in Candor. The Company was out of money and surviving on loans from its Board. The only way to preserve value is to allow the sale. Prokes Aff. ¶ 6.

### C. The Balance of Hardships Favors the Defendant.

If an injunction is allowed, the Defendant will lose the opportunity to sell its assets and the company and its shareholders will be irreparably damaged. On the other hand, the Plaintiffs will not suffer any harm as they retain the right to pursue anyone who they claim caused their damages.

### D. An Injunction Is Not in the Public Interest.

The public interest would not be served by issuance of an injunction. "Under this prong, this Court must examine whether the injunction would affect public interest beyond the private interest of the litigants." *Alvin J. Coleman & Son, Inc. v. Francis Harvey & Sons, Inc.*, No. 12-cv-40068-TSH, 2012 WL 3257894, at *5 (D. Mass. Aug. 7, 2012). Here there are numerous third parties, including the other shareholders, creditors and the buyer, that will be impacted by relief. Plaintiffs' alleged claims do not take on more importance than the interest of these innocent third parties.

### III. Plaintiffs Must Post Security Before the Requested Relief Can be Granted.

Even if the Court were to find the relief was appropriate, pursuant to FRCP 65(c), Plaintiffs would have to post security in an amount of at least $1,000,000. Here is the governing section:

> **(c) Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

Fed. R. Civ. P. 65. These bonds are required. As the Northern District of Alabama observed, "It would more likely violate Rule 65(c) to eliminate the bond entirely (or its equivalent, the setting of a nominal bond) than to require a bond in the millions." *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, 297 F.R.D. 633, 635 (N.D. Ala. 2014). Indeed, courts in this circuit have even ignored contractual provisions waiving the bond requirement because Rule 65(c)'s command is so explicit. *Winmark Corp. v. Brenoby Sports, Inc.*, 32 F. Supp. 3d 1206, 1225 (S.D. Fla. 2014) ("Although the Court is mindful that the Franchise Agreement states that Winmark could be entitled to an injunction without posting a bond, see Pla. Ex. 1 at ¶ 18D, the Court is not bound by this provision.").

If Candor does not sell its assets, then it will have no ability to pay its debts or return any capital to its shareholders. Prokes Aff. ¶ 6. While no one can predict with certainty how much money that could be, we do know it will be zero if the sale is somehow undone. The best estimate we have at this time is that the new company will distribute at least $1,000,000 to Candor under the sale. Prokes Aff. ¶ 7. Plaintiffs must post a bond to protect the Defendant from the damages it may suffer if this sale is somehow undone.

WHEREFORE, the Defendant requests that the Court DENY Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted this 14th day of December, 2020.

**BOUHAN FALLIGANT, LLP**

*/s/ Gregory G. Sewell*
GREGORY G. SEWELL
Georgia Bar No. 556970
LUCAS D. BRADLEY
Georgia Bar No. 672136
*Attorneys for Defendant Candor USA, Inc.*

Post Office Box 2139

7

Savannah, Georgia 31402-2139
Telephone:     (912) 232-7000
Facsimile:     (912) 233-0811
Email: ggsewell@bouhan.com
           ldbradley@bouhan.com

8

316839/0001/4836-8407-8548.1

CERTIFICATE OF SERVICE

I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 14, 2020.

**BOUHAN FALLIGANT, LLP**

*/s/ Gregory G. Sewell*
GREGORY G. SEWELL
Georgia Bar No. 556970
LUCAS D. BRADLEY
Georgia Bar No. 672136
*Attorneys for Defendant Candor USA, Inc.*

Post Office Box 2139
Savannah, Georgia 31402-2139
Telephone:	(912) 232-7000
Facsimile:	(912) 233-0811
Email: ggsewell@bouhan.com
   ldbradley@bouhan.com
   4847-5527-9828, v. 1

9