UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUDE ROBERT SHINN AND MICHELE SHINN,<br><br>    Plaintiffs,<br><br>v.<br><br>CANDOR USA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 4:20-cv-299<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JIM PROKES

I, Jim Prokes, on oath depose and state as follows:

1. I am on the Board of Candor USA, Inc. I am also a shareholder and have personal knowledge of the facts set forth herein.

2. In the Fall of 2020 the Board learned that Jude Robert Shinn ("Shinn") had engaged in serious misconduct that caused the company to be on the verge of failure. This included setting up a competing business to divert revenue, paying friends and family unauthorized and grossly excessive compensation, borrowing money and falsifying financials to hide his misconduct. He was confronted, suspended and eventually resigned. At that time his wife, Plaintiff, Michele Shinn, also resigned.

3. The Board then engaged in an in-depth look at the company and determined it could not survive on its own. It did not have sufficient revenue to pay its employees or its creditors. The Board was faced with closing the company and losing everything or finding a buyer. The Board wanted to try to preserve as much value as possible for the innocent shareholders and protect employees. In the meantime the members of the Board loaned Candor over $350,000.00 to keep the company afloat by making payroll and paying operating expenses.

4. The company had virtually no cash to make payroll or any other expense and as such, the Board had limited time and options to resolve the situation. The only option the Board found was to sell the assets to a business that was familiar with Candor and saw value in creating a new entity. The plan was to sell the assets of Candor to a new entity and Candor would own a percent of the new company. Also, the new company would employ the Candor employees to protect them during these very challenging times.

1

5. The Board engaged counsel and negotiated the most favorable deal possible given the condition of the company. The Board of Directors unanimously voted in favor of the sale. After weeks of negotiations the Asset Purchase Agreement was signed on November 25, 2020. All shareholders, including the Plaintiffs, received notice of the sale and a shareholders' meeting was held on November 30, 2020. At that meeting the only no vote came from Plaintiff Michelle Shinn.

6. The Board is confident that this sale is the only viable option available to protect the shareholders and creditors of Candor and if anything is done to interfere with it then the company will have little or no value at all and everyone, including the Plaintiffs, will lose all of their investments.

7. Based upon the assistance of accredited analysts, the Board believes that the new entity will be profitable and able to distribute funds to Candor. The Board also believes the new company will have the opportunity to be sold in the future, creating additional funds for the shareholders. The Board believes the potential return could create millions of dollars that will otherwise be lost if the Plaintiffs' Motion is allowed.

8. The Board is continuing its investigation into Shinn's misconduct. Candor's counsel described some of our findings in a letter dated November 25, 2020, a copy of which is attached as Exhibit A.

9. Regarding the employment contracts attached to the Complaint, I am informed and believe that Bob Shinn drafted both of these and they were not reviewed by counsel for the company. Nor were they negotiated in any way. In fact, Bob Shinn had his then personal friend, Ken Anketell, sign for the company. The Board never approved Michele Shinn's contract.

10. It is important to note that Mr. Shinn initially resigned from the company on January 2, 2018. In approximately April of 2018 Mr. Shinn decided to return to the company but a new contract was not signed or negotiated. Mr. Shinn also communicated to investors and potential investors that he was not receiving any cash compensation from the company.

11. Mr. Shinn discussed with the Board in the Fall of 2019 the idea of beginning to accrue his compensation and it would not be paid until the company became profitable. The only discussion was on accruing the salary going forward and not a discussion going back. No agreement was reached on the amount he could accrue. It is my understanding that Bob Shinn decided months ago to offset any deferred compensation he may have had in exchange for more stock. This decision was reported to the Board by Mr. Shinn. It is my understanding that Mr. Shinn completed

this in September 2020 and that as a result there is no deferred compensation due to him at all.

Signed under pains and penalties of perjury this 11th day of December, 2020.

*[signature]*
Jim Prokes
Board Member

316839/0001/4824-9289-9028.1