UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUDE ROBERT SHINN AND MICHELE SHINN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACTION NO. 4:20-cv-299 ) |
| CANDOR USA, INC., | ) ) |
| Defendant. | ) ) |

### DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Candor USA, Inc. ("Defendant" or "Candor USA") hereby answers Plaintiffs' Complaint as follows:

### I.  PARTIES, JURISDICTION and VENUE

1. Candor USA admits the allegations in Paragraph 1.

2. Candor USA admits the allegations in Paragraph 2.

3. Candor USA admits the allegations in Paragraph 3.

4. Candor USA admits the allegations in Paragraph 4.

5. Candor USA admits the allegations in Paragraph 5.

### II.  GENERAL ALLEGATIONS

6. Candor USA repeats and realleges its responses to Paragraphs 1 – 5 as if fully set forth herein.

7. Candor USA admits the allegations in Paragraph 7.

### A.  Plaintiff Jude Robert Shinn's Employment with Candor USA

8. Candor USA admits the allegations in Paragraph 8.

1

9. Candor USA denies the allegations in Paragraph 9.

10. Candor USA denies the allegations in Paragraph 10.

11. Candor USA denies the allegations in Paragraph 11.

12. Candor USA denies the allegations in Paragraph 12.

13. The Employment Agreement is a written document that speaks for itself and any characterization of it is denied.  To the extend a further response is required, Candor USA denies the allegations in Paragraph 13.

14. The Employment Agreement is a written document that speaks for itself and any characterization of it is denied.  To the extent a further response is required, Candor USA denies the allegations in Paragraph 14.

15. Candor USA denies the allegations in Paragraph 15.

16. Candor USA denies the allegations in Paragraph 16.

17. Candor USA denies the allegations in Paragraph 17.

### Plaintiff Michele Shinn's Employment with Candor USA

18. Candor USA admits the allegations in Paragraph 18.

19. Candor USA denies the allegations in Paragraph 19.

20. The Employment Agreement is a written document that speaks for itself and any characterization of it is denied.  To the extend a further response is required, Candor USA denies the allegations in Paragraph 20.

21. Candor USA denies the allegations in Paragraph 21.

22. Candor USA denies the allegations in Paragraph 22.

### Candor USA's Termination and Breach of the Employment Agreements

23. Candor USA admits the allegations in Paragraph 23.

24. Candor USA admits the allegations in Paragraph 24.

25. Candor USA denies the allegations in Paragraph 25.

26. Candor USA denies the allegations in Paragraph 26.

27. Candor USA denies the allegations in Paragraph 27.

28. Candor USA denies the allegations in Paragraph 28.

29. Candor USA denies the allegations in Paragraph 29.

30. Candor USA denies the allegations in Paragraph 30.

### III.  CAUSES OF ACTION

### Count 1 – Action for Unpaid Salary – Jude Robert Shinn

31. Candor USA repeats and realleges its responses to Paragraphs 1 – 30 as if fully set forth herein.

32. Candor USA denies the allegations in Paragraph 32.

33. Candor USA denies the allegations in Paragraph 33.

34. Candor USA denies the allegations in Paragraph 34.

35. Candor USA denies the allegations in Paragraph 35.

36. Candor USA denies the allegations in Paragraph 36.

37. Candor USA denies the allegations in Paragraph 37.

38. Candor USA denies the allegations in Paragraph 38.

### Count 2 – Breach of Contract – Jude Robert Shinn's Employment Agreement

39. Candor USA repeats and realleges its responses to Paragraphs 1 – 38 as if fully set forth herein.

40. Candor USA denies the allegations in Paragraph 40.

41. Candor USA denies the allegations in Paragraph 41.

42. Candor USA denies the allegations in Paragraph 42.

43. Candor USA denies the allegations in Paragraph 43.

44. Candor USA denies the allegations in Paragraph 44.

45. Candor USA denies the allegations in Paragraph 45.

46. Candor USA denies the allegations in Paragraph 46.

**Count 3 – Action for Unpaid Salary – Plaintiff Michele Shinn**

47. Candor USA repeats and realleges its responses to Paragraphs 1 – 46 as if fully set forth herein.

48. Candor USA denies the allegations in Paragraph 48.

49. Candor USA denies the allegations in Paragraph 49.

50. Candor USA denies the allegations in Paragraph 50.

51. Candor USA denies the allegations in Paragraph 51.

52. Candor USA denies the allegations in Paragraph 52.

53. Candor USA denies the allegations in Paragraph 53.

54. Candor USA denies the allegations in Paragraph 54.

55. Candor USA denies the allegations in Paragraph 55.

56. Candor USA denies the allegations in Paragraph 56.

57. Candor USA denies the allegations in Paragraph 57.

58. Candor USA denies the allegations in Paragraph 58.

59. Candor USA denies the allegations in Paragraph 59.

60. Candor USA denies the allegations in Paragraph 60.

61. Candor USA denies the allegations in Paragraph 61.

62. Candor USA admits the allegations in Paragraph 62.

### Count 4 – Breach of Contract – Michele Shinn's Employment Agreement

63. Candor USA repeats and realleges its responses to Paragraphs 1 – 62 as if fully set forth herein.

64. Candor USA denies the allegations in Paragraph 64.

65. Candor USA denies the allegations in Paragraph 65.

66. Candor USA denies the allegations in Paragraph 66.

67. Candor USA denies the allegations in Paragraph 67.

68. Candor USA denies the allegations in Paragraph 68.

69. Candor USA denies the allegations in Paragraph 69.

70. Candor USA denies the allegations in Paragraph 70.

### Count 5 – Monies Had and Received – Plaintiff Jude Robert Shinn

71. Candor USA repeats and realleges its responses to Paragraphs 1 – 70 as if fully set forth herein.

72. Candor USA denies the allegations in Paragraph 72.

73. Candor USA denies the allegations in Paragraph 73.

74. Candor USA denies the allegations in Paragraph 74.

75. Candor USA denies the allegations in Paragraph 75.

### Count 6 – Monies Had and Received – Plaintiff Michele Shinn

76. Candor USA repeats and realleges its responses to Paragraphs 1 – 75 as if fully set forth herein.

77. Candor USA denies the allegations in Paragraph 77.

78. Candor USA denies the allegations in Paragraph 78.

79. Candor USA denies the allegations in Paragraph 79.

80. Candor USA denies the allegations in Paragraph 80.

### Count 7 – Unjust Enrichment – Plaintiff Jude Robert Shinn

81. Candor USA repeats and realleges its responses to Paragraphs 1 – 80 as if fully set forth herein.

82. Candor USA denies the allegations in Paragraph 82.

83. Candor USA denies the allegations in Paragraph 83.

### Count 8 – Unjust Enrichment – Plaintiff Michele Shinn

84. Candor USA repeats and realleges its responses to Paragraphs 1 – 83 as if fully set forth herein.

85. Candor USA denies the allegations in Paragraph 84.

86. Candor USA denies the allegations in Paragraph 85.

### Count 9 – Attorney's Fees and Expenses of Litigation

87. Candor USA repeats and realleges its responses to Paragraphs 1 – 86 as if fully set forth herein.

88. Candor USA denies the allegations in Paragraph 88.

89. Candor USA denies the allegations in Paragraph 89.

90. Candor USA denies the allegations in Paragraph 90.

### Count 10 – Preliminary Injunction

91. Candor USA repeats and realleges its responses to Paragraphs 1 – 90 as if fully set forth herein.

92. Candor USA admits the allegations in Paragraph 92.

93. Candor USA admits the allegations in Paragraph 93.

94. Candor USA denies the allegations in Paragraph 94.

95. Candor USA denies the allegations in Paragraph 95.

96. Candor USA denies the allegations in Paragraph 96.

97. Candor USA admits the allegations in Paragraph 97.

98. Candor USA states that allegations in Paragraph 98 are confusing and impossible to either admit or deny, and so to the extent it contains allegations of fact, they are denied

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own breach of contract.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own unlawful actions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own fraudulent conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of setoff or recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any alleged damages they incurred.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of Plaintiff's material breaches of the contracts or agreements between the parties.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Candor USA's actions were in good faith.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are owed anything, it is less that the amount owed to Candor USA and must be offset against those greater amounts.

Candor USA reserves its right to asset such additional affirmative defenses as may be appropriate upon further investigation and discovery and further reserves the right to amend this Answer to add, delete, or modify its affirmative defenses based on legal theories which may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing laws, or through further legal analysis of the parties' positions in this litigation.

**WHEREFORE**, Candor USA respectfully requests that (a) Plaintiffs' Complaint be dismissed with prejudice, Plaintiffs take nothing by reason of the Complaint against Candor USA and that judgment be entered in favor of Candor USA and against Plaintiffs, (b) Candor USA be awarded its attorneys' fees and costs it has been required to incur to defend against Plaintiffs' Complaint, and (c) award Candor USA such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Candor USA demands a trial by jury on all issues so triable.

**COUNTERCLAIM OF CANDOR USA, INC. AGAINST JUDE ROBERT SHINN**

Plaintiff-in-Counterclaim Candor USA, Inc., for its Counterclaim against Jude Robert Shinn alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant/Plaintiff-in Counterclaim Candor USA, Inc. ("Candor USA" or the "Company") is a corporation formed and existing under the laws of the State of Delaware with its principal office located at 2 East Bryan Street, Savannah, Chatham County, Georgia 31401.

2. Plaintiff/Defendant-in-Counterclaim Jude Robert Shinn ("Defendant-in-Counterclaim" or "Shinn") is a natural person residing in the State of South Carolina.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as this is a dispute between citizens of different states where the amount in controversy exceeds $75,000.

4. Venue is proper in this judicial district because a substantial part of the events out of which Plaintiff-in-Counterclaim's claims arise occurred in this district.

**FACTUAL BACKGROUND**

5. For several years Shinn held a fiduciary position at Candor USA as an officer, director and a shareholder.

6. As an officer and director, Shinn owed a fiduciary duty to Candor USA and its shareholders.

7. As a shareholder in a closely held corporation, Shinn owed a fiduciary duty to his fellow shareholders.

8. While in these positions of responsibility, Shinn operated the Company for his own personal gain and the gain of his family and friends. This conduct included, but was not limited to the following:

 a. Causing the Company to enter into employment contracts with himself and his wife on terms that were not in the Company's best interest, provided grossly excessive compensation, and were not properly disclosed to or approved by the Company's Board of Directors;

 b. Engaging in competitive activities with the Company that were intended to divert business away from Candor USA and to himself and his friends; and

 c. Providing the Board of Directors and third parties with false information concerning Candor USA's finances and its operations.

9. While operating as an officer and employee of the Company, Shinn engaged in conduct that caused the Company to sustain substantial losses that eventually led to it being insolvent and having to engage in a sale of its assets. This conduct included the following:

 a. Diverting business opportunities away from the Company;

 b. Entering into compensation agreements with himself, family and friends that provided excessive compensation and benefits; and

 c. Incurring debts that the Company did not have the ability to repay.

10. When the Board of Directors discovered the above conduct, it suspended Shinn so it could protect the Company from further abuse by him.

## COUNT I - BREACH OF CONTRACT

11. Candor USA repeats and realleges each and every allegation contained in Paragraphs 1 through 10 of the Counterclaim as if fully set forth herein.

12. Shinn was employed by Candor USA to provide leadership and management of the business.

13. Shinn breached the terms of his employment contract by the above stated conduct.

14. Candor USA has been damaged by Shinn's breach of contract in an amount to be determined at trial.

## COUNT II - BREACH OF FIDUCIARY DUTY

15. Candor USA repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of the Counterclaim as if fully set forth herein.

16. By reason of his positions as an officer, director and shareholder, Shinn owed Candor USA and its shareholders a fiduciary duty.

17. Shinn breached his fiduciary duty by engaging in the conduct described above.

18. Candor USA has been damaged in an amount to be determined at trial by Shinn's breach of fiduciary duty.

## COUNT III – FRAUD

19. Candor USA repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of the Counterclaim as if fully set forth herein.

20. Shinn misrepresented the contents of the alleged employment agreement to a member of the Board in order to induce him to sign it.

21. The Board member reasonably relied on Shinn's fraudulent statements when he signed the alleged agreement.  But for the false statements of Shinn, the agreement would not have been signed.

22. As a result, the employment agreement should be declared a nullity and rescinded.

23. Shinn further acted fraudulently in obtaining shares of stock in Candor USA and obtaining shares of stock and options for his friends and family. Specifically, he misrepresented the purpose of the awards, the contributions of the recipients and his own personal gain from the awards to the Board of Directors. The transfers were not in the best interest of the Company.

24. As a result of Shinn's fraud, the transfers and awards should be declared a nullity and rescinded.

## PRAYER FOR RELIEF

WHEREFORE, Candor USA respectfully requests that the Court (a) enter a judgment against Jude Robert Shinn and in favor of Candor USA, (b) award Candor USA its attorneys' fees and costs for defending the Action and prosecuting this Counterclaim, and (c) award Candor USA such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Candor USA demands a trial by jury on all issues so triable.

This 22nd day of January, 2021.

BOUHAN FALLIGANT LLP

*/s/ Lucas D. Bradley*
Gregory G. Sewell
Georgia Bar No. 556970
Lucas D. Bradley
Georgia Bar No. 672136
Bouhan Falligant LLP
One West Park Avenue
Savannah, GA 31401
Telephone 912-232-7000
ggsewell@bouhan.com
ldbradley@bouhan.com

**CERTIFICATE OF SERVICE**

I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 22, 2021 via the NEF system's automatic e-filing notice.

BOUHAN FALLIGANT LLP

*/s/ Lucas D. Bradley*
Gregory G. Sewell
Georgia Bar No. 556970
Lucas D. Bradley
Georgia Bar No. 672136
Bouhan Falligant LLP
One West Park Avenue
Savannah, GA 31401
Telephone 912-232-7000
ggsewell@bouhan.com